Filed 1/24/17  Certified for publication 2/1/17 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NATHALIE THUY VAN,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>LANGUAGE LINE SERVICES, INC.,<br><br>    Defendant and Respondent. | H041459<br>(Santa Clara County<br> Super. Ct. No. 1-13-CV244291) |

## INTRODUCTION

In this employment case, plaintiff and appellant Nathalie Thuy Van (Van) challenges a trial court's order sanctioning her and finding her in contempt.  The trial court found that Van had disobeyed a prior court order by refusing to attend a deposition noticed by defendant and respondent Language Line, Inc. (Language Line) and had engaged in other discovery violations relating to her deposition.  However, the prior court order Van was found to have disobeyed did not order her to attend a deposition and it was not issued as a result of a motion to compel.  It was instead only a denial of Van's own ex parte application to have her deposition stayed.  Language Line did file a motion to compel Van's attendance (and Van filed a motion to quash the deposition notice) but these were never ruled upon before the case was dismissed.  There was, therefore, no prior court order which Van disobeyed and no determination as to whether Van had a substantial justification for not attending her deposition or whether she had a valid

objection to the various deposition notices served by Language Line (such as Van's claim that the location was more than 80 miles from her home.)[1]

Van asks that we reverse the order finding her in contempt and sanctioning her. As explained below, we will exercise our discretion to treat Van's appeal as a writ of prohibition insofar as the trial court found her in contempt and we will annul that finding. We will also reverse and remand for recalculation the trial court's order sanctioning Van in the amount of $7,713.

## FACTUAL AND PROCEDURAL BACKGROUND

This discovery dispute arose from a lawsuit filed by Van against her employer, Language Line, in which she alleged several wrongful employment practices, including discrimination because of her Vietnamese background, harassment based on her race, and a variety of wage and labor law violations. Although both parties raise a host of arguments relating to the complicated procedural background of this case, we recount here only those that are relevant to our analysis.

Starting in May 2014,[2] Language Line began trying to take Van's deposition. The first deposition notice, served on May 21, called for Van to appear on June 12 and June 13 at Language Line's offices in Monterey. A few days later, on May 27, Van objected, stating, among other things, that the location set for the deposition was more than 75 miles from her residence in Milpitas (in violation of Code of Civil Procedure section 2025.250, subdivision (a)[3]), that Language Line had not yet produced certain

---

[1] Van claimed that the location of the deposition violated Code of Civil Procedure section 2025.250, subdivision (a), which requires that the deposition be "within 75 miles of the deponent's residence . . ." if, as was the case here, the residence and the deposition location are in different counties. Language Line asserted that the driving distance was exactly 75 miles and that the distance should be measured as a straight line, rather than driving distance, and that distance was even shorter.

[2] To avoid needless repetition, any dates we mention in this opinion refer to 2014.

[3] All further statutory references are to the Code of Civil Procedure.

documents in response to her discovery requests, and that the deposition notice was "oppressing" her. Van also notified Language Line that she would be filing an ex parte application on May 29, requesting a stay of her deposition until a pending motion she had already filed to compel Language Line to produce documents could be heard.

After some discussions between the parties which did not resolve matters, Language Line served an amended deposition notice, changing the dates of Van's deposition to begin on June 19.[4] Van responded by essentially repeating, in writing, her previous objections, but this time noting that she would file an ex parte application on June 3 asking for an order compelling mediation and (again) staying her deposition pending her motion to compel the production of Language Line's documents.

Van filed her ex parte application on June 3. The trial court denied it in an order signed and filed the same date. The text of the order reads as follows: "Having reviewed PLAINTIFF's ex parte application for an order to mediate and for an order to stay Deposition of Plaintiff Nathalie Thuy Van, and good cause appearing, [¶] IT IS HEREBY ORDERED that the parties: [¶] DENIED. [¶] IT IS SO ORDERED." (The disjointed language, which we point out with no intended criticism, is explained by the fact that the trial court simply crossed out Van's proposed order granting her ex parte application and wrote "DENIED" across it.)[5]

On two more occasions, Van objected to the pending deposition, still scheduled to begin on June 19. On that date, counsel for Language Line appeared for the deposition at the location in Monterey but Van did not attend.[6] More deposition notices were sent and

---

[4] The facts summarized here are taken from Language Line's memorandum in support of its motion for "OSC Re: Contempt of Court, Monetary Sanctions, And For Terminating Sanctions Or, In The Alternative, To Compel Plaintiff's Appearance."

[5] We will refer to the denial of Van's ex parte application as the "June 3 order."

[6] The trial court's contempt and sanctions order states that this occurred on July 19 and not June 19. This appears to be a typographical error, as the only deposition date set for July in the notices in the record were scheduled for July 28 and 29.

3

each was met with essentially the same objections.  The last notice, served on July 25, requested that Van appear on August 28 and 29 at the same location as noticed before in Monterey.

On July 28, 2014, Language Line filed the motion that gave rise to the order we are called upon to review.  It was titled a motion for "OSC Re:  Contempt of Court, Monetary Sanctions, And For Terminating Sanctions Or, In The Alternative, To Compel Plaintiff's Appearance."  Language Line argued that Van's failure to appear for her deposition on June 19 was in defiance of the court's June 3 order denying Van's ex parte motion to stay.  Language Line sought fees and costs associated with its counsel's appearance in Monterey on June 19 and terminating and monetary sanctions for what it argued were Van's defiance of the June 3 order.  As an alternative to the terminating sanctions, Language Line sought an order compelling Van's appearance at deposition on August 28 and 29.  Language Line also sought sanctions in the form of attorney fees for preparation of its motion.

On July 29, one day after Language Line filed its motion, Van filed a "motion to quash" Language Line's latest deposition notice, arguing, among other things, that the noticed location for the deposition was more than 75 miles from her residence and that the taking of the deposition was unfair in light of what Van viewed as Language Line's delays in producing documents.  Van also filed an opposition to Language Line's sanctions motion on August 8.

Language Line's motion was heard on August 21.[7]  The written order was signed on September 2 and filed on September 5.[8]  In general, it consists of three main parts.

---

[7] Language Line's motion to augment the record on appeal with the transcript of the hearing on August 21 was granted by separate order.

[8] We will refer to this as the "September 2 order."  It appears that the trial court filed two orders on the same date, one of which is signed by hand and the other signed with a stamp.  Because they are identical in substance, this does not affect our analysis.

4

First, the court sanctioned Van $1,050 (as attorney fees to Language Line) for her unsuccessful ex parte application, which was found to be without substantial justification.

In the second part, the trial court recounted that even after entry of the June 3 order, Van kept objecting to Language Line's deposition notices, asserted that she would not appear until Language Line had produced documents, submitted a "Notice of Unavailability," and claimed that she was confused by the information she had received from the court. But, the court noted, it was more likely that Van kept repeating her objections because she "fully appreciated that the June 3 order was entirely valid and . . . she was refusing to comply with it." Finding that Van had "failed to submit to an authorized method of discovery, disobeyed a court order to provide discovery, and failed to comply with a deposition notice," the court granted sanctions in the amount of attorney fees to Language Line in the amount of $7,713.

In the third part of the order, the court delayed ruling on Language Line's request for terminating sanctions and alternative motion to compel Van's appearance at deposition (all of which was included in Language Line's motion) until August 29, which was also set as the date that the court would hear Van's motion to quash.

On August 26 (several days after the hearing on Language Line's motion but before a written order was signed or filed), Van submitted a request for dismissal, which was entered by the clerk on the same day. On September 19, Van filed the notice of appeal giving rise to our review of this matter. Subsequently, in an order signed on September 23, the trial court granted judgment to Language Line awarding it costs as the prevailing party in the amount of $4,760. The judgment also reiterated that, consistent with the September 2 order, Van was to pay Language Line $8,763, for a sum total of $13,523.

## DISCUSSION

As the title to the September 2 order shows, the trial court both found Van in contempt and sanctioned her in the amount of $8,763. Sanction orders for greater than

5

$5,000 are appealable. (§ 904.1, subd. (a)(12).) But orders "made in cases of contempt, are final and conclusive" (§ 1222) and are not directly appealable. (§ 904.1, subd. (a)(1)(B).) Review of a contempt finding is available by writ, such as a writ of prohibition. (See *Koehler v. Superior Court* (2010) 181 Cal.App.4th 1153, 1165 (*Koehler*).)

Here, Van filed only a notice of appeal and did not file a writ. However, "Courts of Appeal not infrequently treat an appeal as a writ and determine the issue presented." (*Patchett v. Bergamot Station, Ltd.* (2006) 143 Cal.App.4th 1390, 1396.) This is done when the interests of justice require and in the appellate court's discretion. (*County of Orange v. Superior Court* (2007) 155 Cal.App.4th 1253, 1257.) Because of the stigma that attaches to a finding of willful disobedience of a court order, we will exercise our discretion to treat Van's appeal in this case, insofar as it concerns the trial court's finding of contempt, as a writ. The award of sanctions will be reviewed as an appeal in the usual course under section 904.1, subdivision (a)(12).[9]

There are arguments, however, which Van raises in her brief which we cannot address. Van argues, for example, that the trial court abused its discretion in granting Language Line costs as the prevailing party in the amount of $4,760. The judgment

---

[9] We will also disregard several apparent typographical mistakes in Van's notice of appeal. She indicates, for example, that the order being appealed from was entered on "9/5/2014;9/8/2014." There is no order in the record which was entered on September 8 but it is evident that Van meant to refer to the September 2 order, which was filed on September 5. In addition, Van noted that she was appealing from an "order after judgment under Code of Civil Procedure section 904.1(a)(2)," which applies to certain orders "made after a judgment" and is not relevant here because judgment was entered on September 23, after the notice of appeal was filed on September 19. In her brief, however, Van refers to section 904.1, subdivision (a)(12), which, as already mentioned, is applicable to the September 2 order insofar as it sanctioned Van. Although we do not condone these errors, we will apply the rule that notices of appeal should be liberally construed to provide for a hearing on the merits, and construe the notice accordingly. (*Conservatorship of* (1989) 215 Cal.App.3d 1390, 1393.)

awarding those costs, however, was not signed until September 23 and not filed until September 30. This was after Van filed her notice of appeal on September 19. There is no evidence in the record that Van ever appealed this judgment or costs award. Our jurisdiction extends to "judgment[s] or order[s] appealed from" and not to any "decision or order from which an appeal *might have been taken.*" (§ 906, italics added.) We therefore will not address this order.[10] In addition, there is no indication that Van ever filed a motion to tax costs in the trial court. She has therefore forfeited the right to object to it. (See *Santos v. Civil Serv. Bd.* (1987) 193 Cal.App.3d 1442, 1447.)

## I.      *The Finding of Contempt and the Sanctions for Disobeying the Court's June 3 Order is Reversed*

The issue of Van's supposed disobedience of the June 3 order constitutes the major portion of the sanctions amount and also raises the issue of contempt. In its papers in support of this portion of the September 2 order, Language Line argued, in emphatic text, that Van's disobedience of the June 3 order constituted a "Contempt of Court," made clear that it was asking for a "<u>contempt sanction</u>" and referred to Van's "**<u>direct defiance</u>**"of the June 3 order. And though it did not invoke sections 1221 through 1222, which are often used for contempt proceedings, Language Line did invoke section 2023.030, subdivision (e), which allows courts to treat discovery misuse as a "contempt of court."

The trial court's order, which granted Language Line's motion for an order to show cause "Re: Contempt of Court," can only reasonably be interpreted as having accepted Language Line's argument that a contempt had occurred. While the trial court also invoked its authority to impose discovery sanctions under sections 2023.010 and 2025.450 (which could have given rise to sanctions without a finding of contempt), we

---

[10] For the same reasons, we also will not consider any issues surrounding Van's apparent attempt to stay the judgment and writ of execution in the trial court filed on November 25, which Van makes fleeting references to in her brief.

believe that this portion of the order did what Language Line asked the court to do, which was to both sanction Van and treat the discovery violations as a contempt of court. We will review this portion of the order accordingly.

### A. Standards of Review

Orders imposing discovery sanctions are reviewed under the abuse of discretion standard and are subject to reversal only for arbitrary, capricious, or whimsical action. (*Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1560 (*Tucker*); see also *Britts v. Superior Court* (2006) 145 Cal.App.4th 1112, 1123 ["abuse of discretion standard of review ordinarily applies . . . [citation] to review of an order imposing discovery sanctions for discovery misuse"].)

Contempt findings, however, are subjected to much more rigorous review. "[T]here is no presumption of regularity in contempt proceedings [citations], nothing can be implied in support of an adjudication of contempt [citation], and the record must be strictly construed in favor of petitioner, the one found in contempt. [Citation.] (*Koehler, supra,* 181 Cal.App.4th at pp. 1166-1167.)[11] "In reviewing this proceeding, the charge, the evidence, the findings, and the judgment are all to be strictly construed in favor of the accused [citation], and no intendments or presumptions can be indulged in aid of their sufficiency. [Citation]. If the record of the proceedings, reviewed in light of the foregoing rules, fails to show affirmatively upon its fact the existence of all the necessary facts upon which jurisdiction depended, the order must be annulled. [Citation.]" (*Hotaling v. Superior Court* (1923) 191 Cal. 501, 506.)

"The facts essential to jurisdiction for a contempt proceeding are '(1) the making of the order; (2) the knowledge of the order; (3) ability of the respondent to render

---

[11] Of the three different types of contempt (direct, hybrid, and indirect), because Van's conduct consisted in the supposed disobedience of a court order outside of presence of the judge, it is categorized as indirect contempt. (See *Koehler, supra,* 181 Cal.App.4th at p. 1159.)

8

compliance, (4) willful disobedience of the order.' [Citations.]" (*In re Liu* (1969) 273 Cal.App.2d 135, 140-141, fn. omitted.) A contempt proceeding is "punitive and separate from the cause out of which it arises [citation], and it is for this reason that every 'i' must be dotted and every 't' crossed." (*Cedars-Sinai Imaging Medical Group v. Superior Court* (2000) 83 Cal.App.4th 1281, 1287.) Whether the acts complained of "constituted a contempt is jurisdictional, and in the absence of evidence showing contempt" the order must be annulled. (*Arthur v. Superior Court* (1965) 62 Cal.2d 404, 409.)

### B. *The June 3 Order Did Not Provide a Basis For Either Contempt or For Sanctions*

We conclude that neither the contempt finding nor the imposition of sanctions of $7,713 can be affirmed. The trial court found that Van "persisted in repeating [o]bjections to [her deposition] because she fully appreciated that the June 3 order was entirely valid and . . . she was refusing to comply with it." The September 2 order also states that Van "attempted again to grant herself by another means the relief the court had denied." The trial court also found that Van "failed to submit to an authorized method of discovery, disobeyed a court order to provide discovery, and failed to comply with a deposition notice."

However, as noted above, the substance of the June 3 order consists, in essence, of one word: "DENIED." The order did not compel Van to attend her deposition. The only motion to compel that was filed was included in Language Line's motion which resulted in the September 2 order. And that portion of Language Line's motion was never ruled upon because it was continued to another date and the case was dismissed before that date arrived.

This means that section 2025.450, which was cited, at least in part, as authority for granting finding Van in contempt and sanctioning her, did not provide a proper basis for the trial court's order. That section provides for sanctions against a party which, among other things, "fails to appear for examination" after a deposition notice has been served.

9

(§ 2025.450, subd. (a).) But those sanctions are to be imposed "[i]f a motion [to compel] is granted . . . ." (§ 2025.450, subd.(g)(1), see also § 2025.450, subd. (h) [referring to sanctions for failing to "obey an order compelling attendance"].) The September 2 order seems to have assumed that an order requiring Van's attendance at a deposition had already been issued and then proceeded to find Van in contempt of that order. Notably, the September 2 order did not specifically recite which portion of the June 3 order Van was found to have disobeyed. (*Koehler, supra,* 181 Cal.App.4th at p. 1169.)

" 'Punishment for contempt 'can only rest upon [a] clear, intentional violation of a specific, narrowly drawn order. Specificity is an essential prerequisite of a contempt citation. [Citations, fn. omitted.]" (*Board of Supervisors v. Superior Court* (1995) 33 Cal.App.4th 1724, 1737.) Because the June 3 order was not an order compelling Van's attendance, we annul the September 2 insofar as it found Van in contempt.

For the same reasons, we reverse the September 2 order insofar as it sanctioned Van for disobedience of a court order. We believe it is an abuse of discretion to sanction a party for disobeying an order which neither compelled nor prohibited any action.

However, Language Line raised in its motion other supposed discovery violations, including Van's refusal to be deposed until certain demands were met and her attempts to make herself unavailable, which both were noted by the trial court and could possibly constitute discovery misuse under section 2023.010. Because the September 2 order did not delineate the behavior that justified the general sanctions award of $7,713, we will remand to the trial court for recalculation. (See *Tucker, supra,* 186 Cal.App.4th at pp. 1564-1565 [reversing sanctions award and remanding for recalculation].)[12]

---

[12] Language Line also points out that Van filed an almost identical lawsuit in federal court and was found to have engaged in "vexatious litigation tactics." (See *Van v. Language Lin. Servs.* (N.D. Cal. Jan. 16, 2015, No. 14-CV-3791-LHK) 2015 U.S.Dist. Lexis 6395 [*8-9].) To the extent that Judge Lucy H. Koh commented on the effect of the June 3 order and Van's disobedience of it, we note that the decision was obviously made before this appeal was decided. In addition, we deny Van's motion to dismiss this appeal based on Judge Koh's decision to sanction her in federal court if we would only

As to the $1,050 sanctions amount for Van's unsuccessful June 3 ex parte application to stay her deposition and order the parties to mediate, we see no meritorious claim of error advanced by Van, nor does Van argue that Judge Lucas's denial of the ex parte application itself was improper.[13]

## DISPOSITION

The trial court's finding that Van was in contempt of court is annulled. The $7,713 sanctions amount is reversed and remanded for recalculation consistent with the views expressed herein. Van is to recover costs on appeal.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
GROVER, J.

---

"advise her" as to whether payment of the sanctions in Van's federal action would satisfy the judgment entered by the trial court in this case. The rule cited by Van as a basis for this motion is inapplicable, as it refers only to cases which have been settled. (See Cal. Rules of Court, rule 8.244(a)(1).) We take no view on the sanctions entered against Van by Judge Koh or the effect of them in this action.

[13] We have considered the remaining arguments raised by Van and find that none of them warrant any different result than as stated herein. In addition, Language Line's request for sanctions for filing a frivolous appeal is denied.

Filed 2/1/17

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NATHALIE THUY VAN, | H041459 |
| | (Santa Clara County |
| Plaintiff and Appellant, | Super. Ct. No. 1-13-CV244291) |
| v. | |
| LANGUAGE LINE SERVICES, INC., | |
| Defendant and Respondent. | |

THE COURT:

The opinion in the above-entitled matter filed on January 24, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

Dated: _____
                                                                RUSHING, P.J.


_____
                                                                PREMO, J.


_____
                                                                GROVER, J.

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No.: CV244291 |
| | |
| Trial Judge: | The Honorable Beth A.R. McGowan |
| | |
| Attorneys for Plaintiff and Appellant<br>Nathalie Thuy Van: | Nathalie Thuy Van, in pro per |
| | |
| Attorneys for Defendant and Respondent<br>Language Line Services, Inc.: | Jackson Lewis P.C.<br><br>Heath A. Havey<br>Joel P. Kelly<br><br>Johnson Schachter & Lewis<br><br>Sander J. van der Heide |

2