Filed 11/17/22  Estate of Singh CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| Estate of SUKHJINDER SINGH, Deceased. | 2d Civil No. B319677 (Super. Ct. No. 19PR-0348) (San Luis Obispo County) |
| MARISOL CUEVA,<br><br>    Petitioner,<br><br>v.<br><br>NIKI HAMIDI,<br><br>    Objector, Claimant and Appellant;<br><br>IKE M. IQBAL, as Trustee, etc.,<br><br>    Objector and Respondent. | |

Appellant Niki Hamidi appeals from an order granting Respondent Ike M. Iqbal's request for discovery sanctions against

her pursuant to Code of Civil Procedure[1] section 2033.280, subdivision (c). We affirm.

FACTUAL AND PROCEDURAL HISTORY

Sukhjinder Singh died in 2016. Marisol Cueva filed a petition to administer the estate. Hamidi, who is Singh's ex-wife, objected to the petition and filed a creditor's claim against the estate on behalf of herself and her daughter. Hamidi also filed a petition to administer the estate.

Iqbal is trustee of Singh's trust. Iqbal filed a competing petition to administer the estate. Hamidi objected to the petition.

In June 2021, Iqbal served Hamidi requests for admission. A month later, Hamidi filed two "objections" with the trial court, objecting to the requests as "[overbroad] and unduly burdensome, irrelevant, repetitive, and frivolous questions that [Iqbal] already knows the answers to." She did not answer any of the requests for admission.

In August 2021, Iqbal filed a formal request for a discovery conference, after receiving no response from Hamidi for an informal conference. After the trial court set a date, Hamidi filed a declaration in which she asked the court to dismiss the discovery conference because it "would be a waste of time to have a premature conference hearing." Hamidi did not appear at the discovery conference.

In February 2022, Iqbal moved for an order that the requests for admission be deemed admitted. Iqbal also requested monetary sanctions.

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

A month later, Hamidi filed a late opposition to Iqbal's motion, interposing the same objections to the requests for admission. She asserted that the requests for admission sought "equally and easily accessed information . . . recorded and filed since 1992 to current in the same Superior Court of San Luis Obispo Family court division next to this probate court. [Counsel] can go to the clerk and access it very easily no need for discovery . . . ."

Hamidi did not appear at the hearing on the motion. The trial court granted Iqbal's motion and deemed "all of the Requests for Admissions . . . admitted for her failure and refusal to respond to them." It found Hamidi's objections were "not appropriate discovery responses, and as such, Hamidi has failed to respond to the RFAs." The court also noted that based on Hamidi's late opposition to the motion "reiterating that the information sought by the RFAs may be found in other court filings[, i]t is clear from her opposition that she has not served formal discovery responses."

The court awarded $6,500 in discovery sanctions in favor of Iqbal. Iqbal's counsel originally sought approximately $11,600 in sanctions, but the court deducted several hours and reduced the award to approximately $9,500. And because it still found this amount "high," the court further reduced the sanction amount to $6,500, stating, "while monetary sanctions are *mandatory . . .* , they must also be *reasonable*."

## DISCUSSION

### Noncompliant briefs

As Iqbal points out in his brief, Hamidi's opening brief does not contain a single citation to the record. "Each and every statement in a brief regarding matters that are in the record on

3

appeal, whether factual or procedural, must be supported by a citation to the record." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 96-97, fn. 2; see Cal. Rules of Court, rule 8.204(a)(1)(C).) "The claimed existence of facts that are not supported by citations to pages in the appellate record, or not appropriately supported by citations, cannot be considered by this court." (*Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 816, fn. 5.) Because factual assertions in Hamidi's briefs are not supported by appropriate reference to the record, we may disregard them. (*Ibid.*; *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 60.)

Moreover, Hamidi fails to affirmatively demonstrate error. An appellant bears the burden of affirmatively demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id.* at pp. 286-287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[ ] us to adopt." (*Id.* at p. 287.)

Here, Hamidi's briefs fail to include cogent legal arguments, legal analysis, and pertinent legal authority. Thus, we may disregard her arguments. (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["To the extent [a party] perfunctorily asserts other claims without development . . . , they are not properly made, and are rejected on that basis"].) She also raises arguments and matters not relating to the sanctions order from

4

which she appealed.  We disregard matters or arguments outside the scope of this appeal.  (See *Unilogic, Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 625.)

We are mindful that Hamidi appears in pro per, but that does not entitle her to special treatment.  (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)  "'A litigant has a right to act as [her] own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." [Citations.]'" (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.)

Despite these deficiencies in Hamidi's briefs, we nonetheless review the challenge to the sanction order on the merits.

*Sanction order*

Code of Civil Procedure section 2033.280 provides: "If a party to whom requests for admission are directed fails to serve a timely response, the following rules apply: [¶] . . . [¶] (b) The requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction . . . . [¶] (c) The court *shall* make this order, unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220.  It is *mandatory* that the court impose a monetary sanction . . . on the party . . . whose failure to serve a timely response to requests for admission necessitated this motion." (Emphasis added.)  We review an order imposing a discovery sanction for abuse of discretion and reverse only if the

5

court's action was arbitrary or capricious. (*Van v. LanguageLine Solutions* (2017) 8 Cal.App.5th 73, 80.) The judgment is presumed correct, and we defer to the trial court's factual findings and credibility determinations if they are supported by substantial evidence. (*Tucker v. Pacific Bell Mobile Services* (2010) 186 Cal.App.4th 1548, 1562.)

Here, the trial court did not abuse its discretion in awarding mandatory monetary sanctions against Hamidi. As required by section 2033.280, subdivision (c), the trial court imposed these sanctions as a result of Hamidi's failure to serve responses to Iqbal's requests for admission. Hamidi's "objections" to the requests did not comply with section 2033.210 et seq. She submitted general objections to the entire requests for admission, stating that the requests were "[overbroad], and unduly burdensome, irrelevant, repetitive and frivolous questions that [Iqbal] already knows the answers to." Hamidi's objections were not complete and straightforward, and she did not admit, deny, or state that she lacked sufficient information or knowledge, as required by section 2033.220. Moreover, substantial evidence supports the court's finding of Hamidi's failure and refusal to respond. As the trial court recognized, Hamidi's late opposition in which she stated that the information sought "may be found in other court filings" demonstrated her refusal to respond to the requests for admission. Thus, the trial court properly deemed the requests for admission admitted and appropriately imposed monetary sanctions.

Moreover, there was no abuse of discretion in setting the award amount. A trial court has "broad discretion" in setting the amount of monetary sanctions. (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771,

6

789.)  "The test for abuse of discretion is whether the trial court's decision exceeded the bounds of reason."  (*Ibid*.)  Here, the court calculated the number of hours Iqbal's attorneys spent on reviewing and preparing for the motion and reduced the requested amount to what it believed was "reasonable."  Hamidi does not demonstrate that the court "exceeded the bounds of reason" when setting this amount.

Iqbal requests that this court instruct the trial court to revise its sanction award to reflect the attorney's fees incurred in opposing this appeal.  We decline to do so, but note that our decision does not preclude Iqbal from later seeking these attorney's fees from the trial court.

DISPOSITION

The sanction order is affirmed.  Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Niki Hamidi, in pro. per., for Objector, Claimant and Appellant.

Andre, Morris & Buttery and James C. Buttery for Objector and Respondent.