Filed 5/4/23; Certified for Publication 5/24/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAMIYA PERRY, | |
| Plaintiff and Appellant, | G060912 |
| v. | (Super. Ct. No. 30-2019-01081281) |
| KIA MOTORS AMERICA, INC., | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Nancy E. Zeltzer, Judge.  Affirmed.

MLG, Jonathan A. Michaels and Matthew Van Fleet for Plaintiff and Appellant.

Dykema Gossett LLP, James S. Azadian, Cory L. Webster, James P. Feeney, and Dommond E. Lonnie for Defendant and Respondent.

Plaintiff Kamiya Perry appeals from a judgment in favor of defendant Kia Motors America, Inc. (Kia) after a jury found in favor of Kia in her automobile defect trial. She raises three contentions on appeal.

First, she contends the trial court abused its discretion by refusing to instruct the jury that Kia had concealed evidence (certain engineering documents) during discovery. However, while the court rejected Kia's excuses for withholding the documents, it did not find that Kia intentionally concealed them. Thus, it was appropriate to refuse such an instruction. Moreover, despite the court explicitly commenting that it found no concealment, Perry not only failed to bring such comments to our attention in her brief, but continued to maintain that the court *did* find concealment. Due to this misrepresentation, we deem the issue forfeited.

Second, Perry contends the trial court erred by excluding the testimony of Kia's paralegal who verified discovery requests relevant to the engineering documents. We find no abuse of discretion, as the paralegal was simply acting as a corporate agent in her verifications and did not have personal knowledge that would have been helpful to the jury.

Finally, Perry contends she was not given a fair trial because the jurors were required to deliberate in a small room, which, in the midst of the coronavirus disease 2019 (COVID-19) pandemic, incentivized the jury to complete their deliberations quickly. The jury returned a defense verdict after approximately one hour of deliberations. However, Perry did not make a timely objection to the size of the jury room and thus waived the objection. Accordingly, we affirm.

2

FACTS

Our review of the facts in this case was hampered by two factors. First, Perry's counsel omitted a significant portion of the trial record. According to Kia, Perry "designated only half of the transcripts from trial, omitting the entire transcribed testimony of ten witnesses and parts of the testimony of several others." We have not been given a witness list, so we cannot confirm that exact count, but Perry does not deny it in her reply brief. Moreover, there are large page gaps in the transcript we were given. For example, volume one of the reporter's transcript skips from page 258 to page 2,259. Second, despite the incomplete record, it remains quite large, with 10 volumes of reporter's transcript and three volumes of a clerk's transcript. This becomes problematic because, in the opening brief, Perry's counsel failed to cite to the *trial* record when reciting the facts. Counsel cited, instead, to a memorandum of points and authorities from a discovery motion, which is irrelevant and of no help to us. To the extent we could piece together the facts from the trial record, they are as follows.

On April 21, 2019, Perry was seated in the front passenger seat of a 2015 Kia Forte (Forte). The car was being driven in the middle lane of a three-lane highway.[1] The driver decided to make a U-turn from that lane, which involved cutting across the left lane to reach the lanes moving in the opposite direction. Unfortunately, another car was driving in that left lane, and as the Forte turned perpendicular to the left lane, the other car, which was driving 50 miles per hour, smashed into the driver's side of the Forte, causing a T-bone accident. The Forte at first skidded down the highway, then tripped on the passenger side wheels, initiating a rollover in the direction of the passenger side. The Forte underwent a half roll, coming to rest upside down.

As a result of the crash, Perry suffered a brain injury. According to Kia's biomechanical expert, this was a result of a blow that caused swelling to the left side of

---

[1] According to the parties' briefs, the driver was Perry's brother, who was 17 years old at the time.

3

her head. The blow was caused by Perry's head striking the driver's seat to her left. Perry's theory, which the jury apparently rejected, was that her head struck the ceiling.

Perry filed suit against Kia. Although the complaint is not in our record, the causes of action brought to trial were design defect and negligence.

This appeal primarily concerns a discovery dispute that culminated in a motion in limine. Perry's design defect theory focused on the passenger side airbag and seat belt pretensioner. According to Perry's opening brief, "A pretensioner is designed to retract some of the webbing of a seatbelt the instant a collision occurs, tightening the seatbelt to restrain occupants quickly and reducing the amount they are thrown forward in a moderate or severe frontal crash." Neither the airbag nor the pretensioner deployed in Perry's accident. In discovery responses, Kia maintained the airbag and pretensioner were not designed to deploy in accidents of this nature. Perry sought further discovery on the design of the pretensioner and airbag systems, including a document request for "the airbag control module specifications for the [Forte]." Kia responded that it "did not design, test or manufacture the [Forte]." Important here is the distinction between Kia Motors America, Inc. (the defendant in this case, whom we refer to simply as Kia), which is an American distributor, and Kia *Motors Corporation*, which is the company that designed the Forte. Kia referred Perry to Kia Motors Corporation to obtain design documents.[2] Kia's person most knowledgeable later said in a deposition that he had never looked at any design documents and they did not have any design documents.

Subsequently, in January 2021, Perry took the deposition of one of Kia's experts. Pursuant to the deposition notice, Kia produced over 22,000 pages of documents that its expert had in his file. This occurred approximately two weeks before the then-scheduled trial date. Among those documents were certain engineering documents, which, in Perry's view, were the very documents Kia had previously said it did not have.

---

[2] Kia Motors Corporation was never made a party to this lawsuit, nor, so far as the record reveals, were any discovery requests directed to Kia Motors Corporation.

4

Kia took the position the documents in question pertained to a completely different model of vehicle.

What followed was not a discovery motion, per se, but instead a motion in limine seeking alternative relief: in the first instance, Perry sought issue sanctions that would essentially have determined the seatbelt pretensioners were defectively designed; alternatively, Perry sought exclusion of Kia's expert witness and the following jury instruction: "The [c]ourt has found that Kia attempted to conceal evidence in order to prevent its being used in this trial. You may consider that fact in determining what inferences to draw from the evidence in this case."

In ruling on the motion, the trial court expressed concern about Kia's handling of the situation, concluding, "[T]he court does conclude that . . . Kia had an obligation to produce those documents. I [am] not seeing anything else that excuses that." However, the court concluded the remedy sought by Perry was "drastic." The court declined to impose issue sanctions, concluding Perry had sufficient opportunity to review the documents to obviate the sort of prejudice that would warrant such a drastic remedy. With respect to the alternative remedy of a jury instruction, the court stated the following: "The problem with a jury instruction is, . . . I don't want to end up trying the case of the missing documents here. So I am going to reserve that issue still, and I want to see what the evidence is and make a determination of what's appropriate here. Then make a determination if it's appropriate."

The trial began on May 18, 2021, and concluded on July 22, 2021. After the parties rested, the trial court reconsidered the jury instruction Perry had requested. The court rejected the instruction, concluding it would be a distraction from the primary issues regarding design defect that the jury had to decide. The jury returned a complete, unanimous defense verdict.

Perry moved for a new trial, which the trial court denied. In the new trial motion, Perry advanced the argument that the court should have given the jury instruction

she requested in her motion in limine. In rejecting that argument, the court expanded on its rationale: "I did not grant the motion in limine at that time. I did say [the documents] should have been produced. I didn't make any determination, I didn't think I had enough at that time to state this was . . . a devious plot, or this was for the purpose of concealment, or this was a point of keeping them away from the plaintiff to gain an advantage, and I never did reach that point. I did not ever conclude that." "I did not feel that to be a concealment with an intent to deprive the other side of its fair trial." "But we did receive evidence on that, and the jury heard about that these were late, and they heard quite a bit about them." "And then during closing arguments, plaintiff's counsel . . . argued that, he said they didn't give us the documents, they did it for a . . . I don't remember the language, but it was something to the effect that they kept it from us, and it was an evil purpose." "So the jury did hear that. They did hear there was something not right about the handling of discovery by the defendant. They heard it both during the trial and then they heard it from [Perry's counsel]."

The trial court entered judgment in favor of Kia, and Perry appealed.

DISCUSSION

I. *Perry Forfeited the Jury Instruction Issue; In Any Event, There Was No Error*

Perry first contends the trial court erred by refusing to give the jury instruction she requested in her motion in limine. This instruction would essentially have been a discovery sanction. We review a court's decision to impose or refuse discovery sanctions for abuse of discretion. (*Van v. LanguageLine Solutions* (2017) 8 Cal.App.5th 73, 80 ["Orders imposing discovery sanctions are reviewed under the abuse of discretion standard and are subject to reversal only for arbitrary, capricious, or whimsical action"].)

We deem this issue to be forfeited by Perry's counsel's misrepresentation of the record in her brief. Perry's counsel argued as follows in the opening brief: "On July 20, 2021, the [trial c]ourt ruled that *despite finding Kia improperly concealed documents*, the [c]ourt would not give a jury instruction as requested in Perry's [m]otion

6

in [l]imine [n]o. 1 regarding concealment of the documents." (Italics added.)  Elsewhere counsel argued, "Despite *a finding that Kia improperly concealed documents*, and that counsel for Kia should have produced the critical engineering documents during discovery, the [c]ourt ruled that no jury instruction regarding concealment by Kia and its counsel would be given." (Italics added.)  As we have already seen above, the court said exactly the opposite:  that it did *not* find any concealment.  Making matters worse, Perry's counsel failed to bring the court's comments to our attention.  It was not until we read the respondent's brief that we discovered, for the first time, the court actually did not find any concealment at all.  So, Perry's counsel not only misrepresented the record, but, ironically, concealed the comments that would have shown their claims to be false.

"An attorney is an officer of the court and owes the court a duty of candor." (*Levine v. Berschneider* (2020) 56 Cal.App.5th 916, 921.)  "It is the duty of an attorney . . . [t]o employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."  (Bus. & Prof. Code, § 6068, subd. (d).)  Moreover, "A lawyer shall not:  (1) knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . ."  (State Bar Rules Prof. Conduct, rule 3-3(a)(1) (asterisks omitted).)  "'Honesty in dealing with the courts is of paramount importance, and misleading a judge is, regardless of motives, a serious offense.'"  (*Paine v. State Bar* (1939) 14 Cal.2d 150, 154.)  "Counsel should not forget that they are officers of the court, and while it is their duty to protect and defend the interests of their clients, the obligation is equally imperative to aid the court in avoiding error and in determining the cause in accordance with justice and the established rules of practice." (*Furlong v. White* (1921) 51 Cal.App. 265, 271; see also *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 330.)  Perry's counsel failed to fulfill that duty here, and as a result we deem the jury instruction issue forfeited.

7

The issue is likewise forfeited under a separate, though related duty: the duty to provide a complete statement of facts. Rule 8.204(a)(2)(C) of the California Rules of Court imposes a duty on an appellant to "[p]rovide a summary of the significant facts limited to matters in the record." The *significant facts* are not simply the facts favoring the appellant. Rather, "An appellant must fairly set forth all the significant facts, not just those beneficial to the appellant." (*In re S.C.* (2006) 138 Cal.App.4th 396, 402.) "And as to this, the leading California appellate commentary instructs: 'Before addressing the legal issues, your brief should accurately and fairly state the critical facts (including the evidence), free of bias; and likewise as to the applicable law. [Citation.] [¶] Misstatements, misrepresentations[,] and/or material omissions of the relevant facts or law can instantly 'undo' an otherwise effective brief, . . . may draw sanctions [citation], and may well cause you to lose the case.' [Citation.]" (*Pappas v. Chang* (2022) 75 Cal.App.5th 975, 985.) Perry's counsel fell well short of that duty as well. Accordingly, the contention the trial court erred by failing to give Perry's jury instruction is deemed forfeited.

In any event, we would not find an abuse of discretion for a very simple reason: the trial court cannot give an instruction that Kia concealed evidence without a finding that Kia concealed evidence. Since the court made no such finding, the instruction was not appropriate.

## II. *There Was No Abuse of Discretion in Excluding the Testimony of Kia's Paralegal*

Perry contends the trial court committed reversible error by excluding the testimony of the paralegal who verified Kia's discovery responses regarding the engineering documents. We find no error.

First, the background: This issue relates to the previous issue in that it concerns the same discovery responses discussed above. An employee of Kia, Deborah Avalos, who is a paralegal, signed the verification of the discovery responses. In her verification, she stated she was "an authorized agent of Kia Motors America, Inc.,

8

authorized to make this verification for and on behalf of [Kia] . . . . I am informed and believe, and on that ground, allege that the matters stated in [Kia's] Amended Responses . . . are true." Perry wanted to call Avalos at trial to cross-examine her regarding her verification.

Kia filed a motion in limine to exclude her, which the trial court granted. The court concluded, "I do not think that the testimony is sufficiently probative to overcome the potential severe prejudice and confusing the issues. The documents basically are self[-]authenticating and counsel even stipulated to authentication. They can be read right into the record anytime you like, but I just, based upon all these factors, and the dangers of risking information, that is protected under the attorney/client and/or attorney work product privilege, and the consumption of time . . . in balancing that against the benefit of being received, I do not think justifies the risk." Although the court did not explicitly cite it, it is clear the court's ruling was pursuant to Evidence Code section 352. We review a court's ruling excluding evidence under Evidence Code section 352 for abuse of discretion. (*People v. Pineda* (2022) 13 Cal.5th 186, 222.) There was no abuse of discretion.

It is common sense when discovery requests are propounded on a business, particularly a large business, no single person is likely to have personal knowledge of everything the business collectively knows. Rather than have the business respond with a chaotic multitude of verifications from every employee who knows anything relevant, the business is permitted to authorize an agent to verify the responses on the business's collective behalf. (Code Civ. Proc., § 2030.250, subd. (b) ["If that party is a public or private corporation, or a partnership, association, or governmental agency, one of its officers or agents shall sign the response under oath on behalf of that party"].) The agent does not have personal knowledge of everything included in the responses; the business itself does. Generally, this means the agent will sign the verification based on information and belief. "Under such circumstances, 'information and belief' is the only

9

realistic way to verify answers on behalf of the entity." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2022) ¶ 8:1106, p. 8F-51.) This is entirely proper and what occurred in this case.

This also means Avalos had little, if anything, to offer in terms of probative testimony in this case. Moreover, a lay jury is not likely to understand the subtleties of corporate discovery responses. They may be misled into thinking the authorized responder is simply a lackey who was lying under oath on behalf of the company, and to avoid that implication, Kia would need to spend valuable trial time explaining a legal context that is of no relevance to the underlying issues at trial. This is the sort of "undue consumption of time," and "substantial danger of undue prejudice, of confusing the issues, or of misleading the jury" that a court is permitted to take into account under Evidence Code section 352. Moreover, the trial court permitted Perry to read Kia's discovery responses into the record, and in closing argument, Perry's counsel spent substantial time impugning Kia for its inadequate discovery responses. Avalos's testimony was not needed to make that argument. Consequently, there was no abuse of discretion in excluding her testimony.

III. *Perry Waived Any Objection to the Size of the Jury Deliberation Room*

Perry's final contention is that the size of the jury deliberation room violated her due process rights because the jurors deliberated for only one hour, which, in Perry's view, must have been the result of them fearing to contract COVID-19 in a small deliberation room rather than any deficit in the quality of Perry's evidence. Perry moved for a new trial on this ground, contending the deliberation room amounted to an "irregularity in the proceeding." (Code Civ. Proc., § 657, subd. (1).) The trial court denied the motion, observing that none of the jurors had raised any concerns about the pandemic or their own health. Based on the court's own observations, the jury appeared to be engaged and did not seem particularly concerned about COVID-19 protocols. Perry contends the court erred.

10

However, in order to preserve an objection based on an irregularity in the proceeding, a timely objection is required. "The rule is well settled that when at any time during trial a party or his counsel becomes aware of facts constituting misconduct or irregularity in the proceedings of the jury, he must promptly bring such matters to the attention of the court, if he desires to object to it, or he will be deemed to have waived the point as a ground for a motion for a new trial." (*Weathers v. Kaiser Foundation Hospitals* (1971) 5 Cal.3d 98, 103.) The purpose of this rule is "to prevent a party who, personally or through counsel, has discovered some jury misconduct during the course of the proceedings from gambling on the outcome of the jury's deliberations while secretly preserving the error to be raised on a motion for a new trial in the event of an unfavorable verdict." (*Ibid.*)

There is nothing in the reporter's transcript indicating that Perry objected to the deliberation room *before* deliberations began. All we have is a declaration from Perry's motion for a new trial in which her counsel attested, "[Perry's counsel] made a request that the jurors . . . be allowed use of the entire courtroom for their deliberation process, but the request was denied." However, that request does not appear anywhere in the reporter's transcript. To the extent it was made off the record, it is well established that an off-record objection is inadequate to preserve an issue for appeal. (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two"].) Accordingly, the issue has been waived.[3]

---

[3] This case illustrates why an off-record objection is inadequate. While Perry's counsel attested he made a "request" that the jury be permitted to use the entire courtroom, Kia's counsel filed a counter-declaration that no such request or objection was made. We are thus left with diametrically opposing declarations. Had an objection been made on the record, this would not be an issue.

## DISPOSITION

The judgment is affirmed.  Kia shall recover its costs incurred on appeal.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.

12

Filed 5/24/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAMIYA PERRY, Plaintiff and Appellant, v. KIA MOTORS AMERICA, INC., Defendant and Respondent. | G060912 (Super. Ct. No. 30-2019-01081281) ORDER GRANTING REQUEST FOR PUBLICATION |

Respondent Kia Motors America, Inc. has requested that our opinion, filed May 4, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c)(1). The request is GRANTED. The opinion is ordered published in the Official Reports.

                                        O'LEARY, P. J.

I CONCUR:


GOETHALS, J.