Filed 6/7/23  Marriage of Larivee CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| In re the Marriage of KIMBERLY and ROBERT LARIVEE, JR. | C096213 |
| KIMBERLY LARIVEE, | (Super. Ct. No. FS63344) |
| Respondent, | |
| v. | |
| ROBERT LARIVEE, JR., | |
| Appellant. | |

In this marital dissolution proceeding, after appellant Robert Larivee, Jr., failed to substantively respond to respondent Kimberly Larivee's discovery demands, respondent moved for an order compelling discovery, with a request for attorney fees and other sanctions.  She separately moved for the return of specified personal property, again with a request for attorney fees and sanctions.

1

After a hearing, the trial court found appellant's noncompliance with discovery to be "blatant and completely unacceptable" and ordered full compliance. The court declined to impose issue, evidentiary, or terminating sanctions, but awarded respondent $10,000 in attorney fees as a monetary sanction. The trial court also ordered appellant to deliver the specified personal property and awarded respondent attorney fees in the amount of $2,000, but declined to impose more severe sanctions.

On appeal, appellant asserts (1) substantial evidence does not support the awards of attorney fees, and, separately, (2) the trial court abused its discretion in awarding attorney fees. Disagreeing with appellant on both points, we affirm.

## BACKGROUND

### *Motions to Compel Discovery and for the Return of Personal Property*

On November 2, 2021, respondent's attorney served appellant's attorney by mail with respondent's discovery demands including interrogatories and requests for document production.

On January 21, 2022, respondent filed a motion to compel discovery responses. Respondent also sought attorney fees and costs in the amount of $15,000 as well as sanctions in the amount of $5,000. In a memorandum of points and authorities, respondent stated she submitted a set of discovery requests to appellant's attorney on November 2, 2021, but appellant failed to provide any response.

Also on January 21, 2022, respondent filed a motion seeking the return of separate property as well as sanctions in the amount of $2,500 pursuant to Family Code section 271 for appellant's failure to respond to multiple requests, forcing respondent "to bring this unnecessary motion before the court." A hearing on the motion was set for February 24, 2022.

In a declaration in support of the motion for the return of property, respondent stated she had requested the return of specified personal property from appellant several times, and from his attorney twice, but appellant and his attorney had ignored her

2

requests. She stated the first attempt through appellant's attorney occurred on a call on November 3, 2021, and the second was by letter, attached as exhibit A, dated January 5, 2022. Also as an exhibit to the declaration, respondent included another letter to appellant's counsel, exhibit B, dated November 23, 2021. In this letter, relevant to the discovery issue, respondent's counsel recounted that she had requested documents and not received any of the requested items. She detailed exchanges between the attorneys occurring from October 18, 2021, to November 23, 2021, including, among other things, requests for documents on eight separate occasions, the second of which was the service of the discovery requests on November 2, 2021.

On January 28, 2022, respondent's paralegal served appellant's attorney by mail with both motions.

In an e-mail to respondent's attorney dated February 9, 2022, appellant's attorney stated: "We plan on fully complying to your motion to compel but you did not attach the documents you want compel[led]. [¶] Can you send me a complete copy of the [request for order] or at least the documents that you want compelled?" In a subsequent e-mail to respondent's attorney dated February 11, 2022, another individual from appellant's attorney's office stated: "I called your office today about 5 or 10 min ago asking to please send us the discovery you want answered. Your receptionist told me she would ask to see if she could send it to us. Please we would like to complete this discovery so if you can please send us the discovery questions to answer we would appreciate it."

Another e-mail indicated respondent's attorney's paralegal e-mailed the discovery requests to appellant's attorney on February 11, 2022, and again on February 15, 2022.

In an e-mail dated February 16, 2022, appellant's attorney sent to respondent's attorney an attachment entitled "completed responses correct version." However, in the body of the e-mail, appellant's attorney stated: "Here is your response. As I indicated before we don't know what you want."

In a declaration dated February 16, 2022, appellant's attorney stated: Appellant "desired to comply but we do not have the discovery requested. Nor was the discovery requested attached to the [request for order]. If we had the documents that request the discovery we would get the information to the moving party." The declaration further stated: "My office has contacted [respondent's attorney's] office and ask[ed] for the information requested. I have not received a response. As soon as we get the discovery requested we will comply. Parties to bear own costs. Again, if we had the production documen[t]s we could answer them. W[e] do no[t] have the documents."

In a separate response relevant to the motion for the production of personal property, also dated February 16, 2022, appellant's attorney stated certain items had been located and others remained to be found. He further stated weather conditions such as snow and ice hindered securing and exchanging certain items including a kayak. Additionally, he accused respondent or her attorney of making requests at "unreasonable times." He stated appellant intended to comply provided defendant could locate the items sought.

An e-mail from respondent's attorney to appellant's attorney on February 18, 2022, summarized respondent's version of the timeline. According to the e-mail, respondent served appellant with the discovery demand on November 2, 2021, and the response was due December 3, 2021. Respondent waited until January 21, 2022, to file the motion to compel. In response to appellant's February 9, 2022, e-mail stating appellant did not know what discovery respondent was seeking, respondent sent discovery documents via e-mail on February 11, 2022, and again on February 15, 2022. Respondent's attorney once again attached the previously-served discovery documents to her February 18, 2022, e-mail to appellant's attorney.

On February 23, 2022, the day before the scheduled hearing, appellant's attorney's office e-mailed responses to interrogatories to respondent's attorney. In addition to appellant's responses to form interrogatories, the response included IRS transcripts and

4

property declarations.  Appellant's counsel also submitted a response to respondent's demand for the production of documents.

### *The Order Appealed From*

In the order appealed from, the trial court stated it had reviewed respondent's interrogatories and request for the production of documents and found them reasonable and necessary.  The court found that appellant had failed to answer or object to the requested discovery, and, as a result, he waived all objections.  The court found "the noncompliance with discovery was blatant and completely unacceptable in view of the legislative expressed preference for the voluntary sharing of information."  Accordingly, the court ordered appellant to answer completely respondent's previously propounded discovery requests on or before March 25, 2022.  The court further stated:  "No sanctions will be imposed at this time provided that there has been complete compliance by [appellant] of the pending discovery requests on the date set forth above.  However, the court finds that it was necessary and appropriate to compel discovery and will therefore award attorney fees in the sum of $10,000.  Additional sanctions are expressly reserved pending compliance with the discovery request."

The trial court then ordered appellant to deliver to respondent the specified items of personal property.  The court continued:  "Since there is no justification for not giving these items over earlier the court will assess attorney fees in the amount of $2000.  No sanctions will be imposed at this time unless all the items listed above are not returned on or before March 25, 2022. . . .  The court reserves jurisdiction to impose additional fees and sanctions if these orders are not complied with in the time set forth above."

Appellant timely appealed.  In his notice designating the record on appeal, appellant chose to proceed without a record of the oral proceedings in the trial court.

5

## I

### *Authority for the Awards*

Before turning to appellant's primary contentions, appellant states that, in the order appealed from, the trial court "did not articulate under what code the fees were awarded." This is true, and, with regard to the award on her motion to compel discovery, respondent sought attorney fees and other sanctions pursuant to several code provisions.[1] While appellant did not raise this issue under a separate heading supported by citation to authority (see Cal. Rules of Court, rule 8.204(a)(1)(B)), but instead incorporated it in his substantial evidence argument, we address the statutory authority for the award at the outset to properly frame appellant's contentions concerning substantial evidence and abuse of discretion.

In her request for an order compelling discovery, respondent sought $15,000 in attorney fees and costs and additional sanctions of $5,000. In an attached memorandum of points and authorities, respondent requested $5,000 in sanctions pursuant to "Code of Civil Procedure Section 2023.010 and 2031.010 et. seq." In the same memorandum, respondent asserted that, under Code of Civil Procedure section 2031.300, subdivision (c), the court was authorized to impose sanctions against a party who unsuccessfully opposes a motion to compel. Finally, also in that memorandum, respondent asserted sanctions should be imposed pursuant to Family Code section 271, subdivision (a) based on appellant's abuse of discovery which had delayed the proceedings and frustrated the

---

[1] It is clear the trial court issued the award related to the motion to compel discovery pursuant to one of the statutes on which respondent relied. Appellant does not argue on appeal that the court lacked statutory authority to issue the award.

As for the motion for the return of property, respondent sought sanctions pursuant to Family Code section 271 only. There should be no confusion as to the statutory basis for the $2,000 award.

promotion of settlement.  Respondent submitted a request for attorney fees and costs attachment, a supporting declaration, and a declaration from her attorney.  In her declaration, respondent's attorney stated respondent was requesting $20,000 in attorney fees and costs pursuant to Family Code sections 271 and 2030.

Addressing the last of these first, pursuant to Family Code section 2030 "[i]n a proceeding for dissolution of marriage . . . , the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party . . . to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."  (Fam. Code, § 2030, subd. (a)(1).)  Appellant posits the award could have been made based on need pursuant to section 2032.  Family Code section 2032 addresses, among other things, attorney fee awards made pursuant to Family Code sections 2030.

Here, the trial court's order does not discuss ensuring each party had access to legal representation, taking into consideration comparative need, preserving the parties' rights, or amounts necessary to maintain or defend the proceeding.  (Fam. Code, § 2030, subd. (a)(1).)  We conclude the trial court did not issue the $10,000 attorney fees award pursuant to Family Code sections 2030 and 2032.

Family Code section 271, subdivision (a) provides:  "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.  An award of attorney's fees and costs pursuant to this section is in the nature of a sanction.  In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities.  The court shall not impose a

sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed.  In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."  (Fam. Code, § 271, subd. (a).)

"It has been said that [Family Code] section 271 and its predecessor imposes a 'minimum level of professionalism and cooperation,' to effect the policy favoring settlement of family law litigation—and a reduction of the attendant costs.  [Citations.] [Family Code] [s]ection 271 ' "authorizes sanctions to advance the policy of promoting settlement of litigation and encouraging cooperation of the litigants" and "does not require any actual injury."  [Citation.]  Litigants who flout that policy by engaging in conduct that increases litigation costs are subject to imposition of attorney fees and costs as a [Family Code] section 271 sanction.'  [Citation.]  Some courts have said the section authorizes attorney fees and costs as a penalty for obstreperous conduct."  (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1524 (*Davenport*).)

In awarding respondent $10,000 in attorney fees as a monetary sanction in connection with the motion to compel discovery, the trial court expressly noted respondent's interrogatories and requests for production were reasonable and necessary in order "to acquire the information necessary to effectuate a settlement and if necessary to try the case."  After finding appellant's failure to comply "blatant and completely unacceptable," the court noted the "discovery statu[t]es were designed to promote settlement and to facilitate trial."  The court found "it was necessary and appropriate to compel discovery and will therefore award attorney fees in the sum of $10,000."

Based on the language in the order, we conclude the $10,000 attorney fees award was authorized by Family Code section 271, subdivision (a), or under several provisions of the Code of Civil Procedure.

The award was authorized by Family Code section 271, subdivision (a), which permits such awards as a sanction based "on the extent to which the conduct of each party

8

or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys." (Fam. Code, § 271, subd. (a); see *In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1082 [the "more reasonable interpretation" of the court's order is that it awarded attorney fees to the respondent as a sanction pursuant to Fam. Code, § 271 rather than pursuant to Fam. Code, §§ 2030 and 2032].)

Code of Civil Procedure section 2031.300, subdivision (c), provides, in part: "Except as provided in subdivision (d), the court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel a response to a demand for inspection, copying, testing, or sampling, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Code of Civil Procedure section 2023.010 specifies that conduct subject to sanctions includes, among other things, "[f]ailing to respond or to submit to an authorized method of discovery," "[m]aking an evasive response to discovery," and "[m]aking or opposing, unsuccessfully and without substantial justification, a motion to compel or to limit discovery." (Code Civ. Proc., § 2023.010, subds. (d), (f), (h).) And Code of Civil Procedure section 2023.030 contemplates attorney fees as a monetary sanction. (Code Civ. Proc., § 2023.030, subd. (a).)

We conclude the $10,000 attorney fee award *also* would have been authorized under these discovery provisions of the Code of Civil Procedure. We note appellant has neither cited these Code of Civil Procedure provisions nor raised any argument addressed to them. (See *City of Riverside v. Horspool* (2014) 223 Cal.App.4th 670, 679, fn. 8 ["appellate court is not required to examine undeveloped claims or to make arguments for the parties"].)

9

## II

### *Standard of Review*

"Imposing sanctions under [Family Code] section 271 is within the discretion of the trial court." (*Menezes v. McDaniel* (2019) 44 Cal.App.5th 340, 347 (*Menezes*), citing *In re Marriage of Feldman* (2007) 153 Cal.App.4th 1470, 1478 (*Feldman*).) "We reverse the award on appeal 'only on a showing of abuse of that discretion, that is "only if, considering all of the evidence viewed more favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order." ' " (*Menezes*, at p. 347, quoting *Davenport, supra*, 194 Cal.App.4th at p. 1524.) "We review findings of fact forming the basis of a sanctions award for substantial evidence." (*Menezes*, at p. 347, citing *In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1226.) As it is generally defined, " '[s]ubstantial evidence' is evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value."[2] (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.)

## III

### *Substantial Evidence*

Appellant asserts the trial court's order awarding attorney fees in a total amount of $12,000 is not supported by substantial evidence.

---

[2]   The standard of review would be essentially the same had the $10,000 award been issued pursuant to Code of Civil Procedure section 2031.300 or 2023.010. "Orders imposing discovery sanctions are reviewed under the abuse of discretion standard and are subject to reversal only for arbitrary, capricious, or whimsical action." (*Van v. LanguageLine Solutions* (2017) 8 Cal.App.5th 73, 80.) We review the trial court's factual findings for substantial evidence and will infer all necessary findings to support the judgment. (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1292 ["we will infer all necessary findings to support a judgment, so long as substantial evidence exists to support them"].) Applying essentially the same standard of review, our ultimate conclusions under these provisions would have been the same as those we reach *post*.

10

Respondent responds that, in light of appellant's failure to timely respond to discovery requests, causing her to incur the expense of compelling responses, there is "more than ample evidence to allow the attorney's fees awarded to [her], which was well articulated in the Order of the court."

We conclude substantial evidence supports the awards of attorney fees.

Insofar as appellant asserts the trial court was unclear as to the *rationale* for the awards, as distinguished from his point concerning the *statutory authority* for the awards, we disagree. The trial court found "the noncompliance with discovery was blatant and completely unacceptable in view of the legislative expressed preference for the voluntary sharing of information." After ordering appellant to comply completely with discovery requests by a specified date, the court stated: "the court finds that it was necessary and appropriate to compel discovery and will therefore award attorney fees in the sum of $10,000." In issuing the award in connection with the motion for the return of property, the court stated: "[s]ince there is no justification for not giving these items over earlier the court will assess attorney fees in the amount of $2000." The bases for the court's awards are clear.

Appellant emphasizes the "discovery matters happened over a 2 month period." He asserts the trial court awarded respondent $12,000 in attorney fees "even though the record is clear that [appellant's attorney] had stated that they intended to respond fully to the request but only needed the documents." Appellant asserts his attorney "stated many times that they intended to fully comply but did not have the documents." Appellant notes that, to the extent respondent's position was that his attorney was delaying in responding to the discovery request, "that would mean" appellant's attorney "was telling a blatant lie when he stated that he did not have the discovery documents." Therefore, according to appellant, substantial evidence did not support the conclusion appellant or his attorney was delaying in the discovery process. According to appellant, there is no evidence to support the conclusion that he attempted to frustrate the progress of the

11

litigation. According to appellant, at the time the court issued the award, he had "replied with no objections."

As is clear from the timeline set forth *ante*, the record contains essentially two versions of the circumstances. According to respondent's version, on as many as eight occasions through November 22, 2021, respondent requested discovery, to which respondent received no substantive response. After filing and serving the motion to compel, on at least three occasions between February 11 and February 18, 2022, respondent resubmitted the discovery requests to appellant's attorney.

According to appellant's version, on February 9, 11, and 16, 2022, his attorney contacted respondent's attorney to state appellant did not know what documents respondent sought. On the latest occasion, appellant's attorney included an attachment entitled "completed responses correct version." And in a declaration dated February 16, 2022, appellant's attorney again reiterated the defense's desire to comply but that they did not have the information they needed to respond. Then, according to appellant, on February 23, 2022, he provided discovery responses.

Faced with these conflicting versions of the underlying circumstances, and having reviewed the record, the trial court concluded appellant's "noncompliance with discovery was blatant and completely unacceptable in view of the legislative expressed preference for the voluntary sharing of information." We conclude substantial evidence in the form of respondent's account of the circumstances supported the trial court's determination.

Appellant essentially argues we must accept his attorney's representation in his declaration that the defense intended to comply but did not have the production documents. However, the state of the evidence gave rise to a conflict that the trial court resolved in favor of respondent and in favor of the determination that appellant engaged in blatant discovery noncompliance. " ' " ' "In reviewing the evidence on . . . appeal all conflicts must be resolved in favor of the [prevailing party], and all legitimate and

12

reasonable inferences indulged in [order] to uphold the [finding] if possible." ' " ' "
(*Feldman, supra*, 153 Cal.App.4th at p. 1479.)

Appellant did not comply with, or offer any substantive responses to, respondent's discovery demands and subsequent motion to compel, despite numerous requests, although he claimed not to know what discovery was sought. Appellant purported to tender discovery responses on February 23, 2022, the day before the hearing on respondent's motions, almost four months after her initial request on November 2, 2021, and more than a month after she filed her motion to compel discovery responses. Against this backdrop, and resolving conflicts in respondent's favor and indulging all reasonable inferences in favor of the order (*Feldman, supra*, 153 Cal.App.4th at p. 1479), we conclude substantial evidence supports the trial court's determination.

Moreover, we note appellant, in his notice designating the record on appeal, elected to proceed without a record of the oral proceedings in the trial court. Thus, we cannot review those proceedings in making our determination.

Our conclusion is the same in connection with respondent's request for an order for the return of property.

In her declaration in support, respondent stated she had requested the return of the property from appellant several times, and from his attorney twice, but appellant and his attorney had ignored her requests. She stated that the first attempt with counsel occurred on a call on November 3, 2021, and the second was by letter dated January 5, 2022.

In response, appellant's attorney stated certain items had been found while others remained to be located. He stated weather conditions hindered securing and exchanging certain items. Additionally, he accused respondent or her attorney of making requests at "unreasonable times." Appellant's attorney stated appellant intended to comply provided he could locate the items sought.

The trial court concluded there was "no justification for not giving these items over earlier . . . ."

13

At most, as with the discovery demand, the issue concerning the return of property gave rise to a conflict in the trial court. Again, on appeal, we resolve all conflicts in the evidence in favor of the prevailing party and indulge all reasonable inferences in support of the trial court's order. (*Feldman, supra*, 153 Cal.App.4th at p. 1479.) We conclude substantial evidence supports the trial court's determination as to the return of property.

Appellant also faults the trial court's determination by contending that, in fashioning the awards, there is no indication the court took into consideration his income, assets, and liabilities, as it was statutorily required to do. Appellant contends, in effect, the award was unreasonably financially burdensome.

Family Code section 271 provides, in pertinent part, "In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed." (Fam. Code, § 271, subd. (a).)[3]

In considering appellant's contention that the trial court failed to consider the financial burden of its sanction award and his financial circumstances, "we indulge all reasonable inferences to uphold the trial court's order." (*In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 177-178.) The trial court had before it materials pertaining to appellant's financial circumstances. We presume the court considered these papers in making its determinations. (See *In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 977 [nothing in the record shows trial court was unfamiliar with and refused to consider declarations; we therefore presume trial court considered these papers].)

---

**3** Relatedly, under Code of Civil Procedure section 2031.300, subdivision (c), a court will not issue a discovery sanction if it finds "other circumstances make the imposition of the sanction unjust."

14

Appellant also challenges the order on the ground that it is "inconsistent" with the sanctions requested by respondent. In connection with her request for an order compelling discovery, respondent sought attorney fees and costs in the amount of $15,000 as well as sanctions in the amount of $5,000. In a declaration, respondent's attorney stated respondent was requesting $20,000 in attorney fees and costs. In connection with her request for an order for the return of property, respondent sought sanctions in the amount of $2,500.

The trial court awarded respondent attorney fees in the sum of $10,000 in connection with the motion to compel, and $2,000 in connection with the motion for the return of property. Thus, the court awarded respondent *less* than requested as to both awards. Appellant has not explained how he is adversely affected and otherwise has not established how this constituted reversible error. (See *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766 ["It is the appellant's burden to demonstrate the existence of reversible error"].)

Intertwined with this argument, appellant asserts the evidence suggests the majority of attorney fees respondent had incurred arose prior to when she filed her motions. Appellant relies on the declaration of respondent's attorney addressed to her fees charged and hourly rate. In that declaration, respondent's attorney stated respondent had paid $16,300 in attorney fees and costs through January 11, 2022, the date of the signing of the declaration. Respondent at that time owed an additional $9,524.73 through December 31, 2021. Respondent's attorney charged $375 per hour. According to appellant, the trial court's award amounted, essentially, to "ordering fees for past litigation."

Appellant's claim that it "can be deduced from" the facts before the court, including respondent's attorney's declaration, "that [the] majority of the attorney's fees accumulated by [respondent] occurred before the motion to compel was filed" is speculative. The declaration does not provide sufficient detail to establish that the

15

attorney fee awards compensated respondent for prior or unrelated legal work or that the amount awarded was otherwise improper. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) On this point, too, appellant has failed to satisfy his burden of demonstrating the existence of reversible error. (See *Del Real v. City of Riverside, supra*, 95 Cal.App.4th at p. 766.) We note, again, that, in the absence of a record of the oral proceedings before the trial court, we have no way of knowing the extent, if any, to which these matters were addressed before that court.

Contrary to appellant's contentions, substantial evidence supports the trial court's attorney fee awards.

**IV**

***Abuse of Discretion***

Under a separate heading, appellant asserts the trial court abused its discretion in issuing the awards. He asserts the trial court abused its discretion in issuing such a large award when it was clear he had every intention of complying with the discovery requests, and did comply before the court heard respondent's motion.[4] He also acknowledges much of his abuse of discretion analysis "overlaps and is the same" as his substantial evidence analysis.

In his abuse of discretion argument, appellant appears to repeat his "fees for past litigation" argument we rejected in discussing substantial evidence. He again sets forth figures from respondent's attorney's declaration and then asserts: "[N]o Judge would under the circumstances reasonably make the same order, granting $12,000 for a run of

---

[4]     Appellant does not raise arguments specifically addressed to respondent's motion for the return of personal property beyond asserting the $12,000 total amount awarded constituted an abuse of discretion.

the mill motion to compel. To do so would especially require [appellant] to pay for half of [respondent's] representation, where there has been no evidence to suggest that she needs such assistance." We rejected that argument, *ante*, as speculative and not established by the evidence, and we do the same here.

That argument also implicates another of appellant's contentions. He asserts the trial court abused its discretion in issuing the awards inasmuch as they were need-based, as there was no analysis of need undertaken. As stated *ante*, we have concluded the trial court properly issued these awards pursuant to Family Code section 271, not under the need-based provisions of Family Code sections 2030 and 2032. Family Code section 271 specifies: "In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award." (Fam. Code, § 271, subd. (a).)

Appellant emphasizes those portions of the record in which defense counsel represented that appellant had every intention of complying with discovery demands. In doing so, appellant fails to acknowledge the appropriate standard of review. On appeal, we consider the record in the light most favorable to the order appealed from and indulge all reasonable inferences in favor of the order. (*Menezes, supra*, 44 Cal.App.5th at p. 347; *Davenport, supra*, 194 Cal.App.4th at p. 1524.) Appellant and his attorney did not comply with, or offer any substantive response to, respondent's discovery demands, and subsequent motion to compel, despite numerous requests. Instead, they repeatedly assured compliance but failed to deliver. At the very most, appellant tendered discovery responses on February 23, 2022, the eve of the hearing on respondent's motions, almost four months after respondent's initial request on November 2, 2021, and more than a month after respondent filed her request for an order to compel discovery responses. Given appellant's record of unresponsiveness and noncompliance on the record, the trial court did not abuse its discretion in issuing the award.

17

As for the discovery tendered by appellant, the record is silent as to the court's consideration of and conclusions about those documents. However, the papers were before the court. We presume the court considered them in reaching its determinations. (See *In re Marriage of Falcone & Fyke, supra*, 203 Cal.App.4th at p. 977 [nothing in the record shows trial court was unfamiliar with and refused to consider declarations; we therefore presume trial court considered these papers].) Appellant has failed to satisfy his burden of demonstrating reversible error. (See *Del Real v. City of Riverside, supra*, 95 Cal.App.4th at p. 766.) And, once again, in the absence of a record of the oral proceedings before the trial court, we have no way of knowing whether these papers were addressed at the hearing.

Considering all of the evidence viewed in the light most favorable to the order and indulging all reasonable inferences in favor of the order, we cannot conclude that " ' "no judge could reasonably make the order." ' " (*Menezes, supra*, 44 Cal.App.5th at p. 347; *Davenport, supra*, 194 Cal.App.4th at p. 1524.) The trial court did not abuse its discretion in issuing the attorney fees awards.

## DISPOSITION

We affirm.  Respondent shall recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/

MESIWALA, J.

We concur:

/s/

MAURO, Acting P. J.

/s/

KRAUSE, J.